**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

EDWARD P. DUGGAN,

Plaintiff,

v. C.A. No.: 08-124-ML

E-LOAN, INC. and E*TRADE BANK,

Defendants.

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant E*TRADE Bank ("E*TRADE" or "Defendant") by and through its attorneys hereby answers the Complaint brought by Plaintiff. This Answer is made without waiving, but expressly reserving, all rights that Defendant has to file dispositive motions or other responses addressed to some or all of the allegations and claims asserted in the Complaint. Except as expressly admitted herein, all allegations of the Complaint are denied.

**INTRODUCTION**

1. The allegations in Paragraph 1 are introductory and conclusory in nature and therefore require no response. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 1 and specifically denies that it violated any of the statutes and regulations referenced in Paragraph 1.

**JURISDICTION AND VENUE**

2. The allegations in Paragraph 2 state conclusions of law to which no response is required. To the extent that a further response is required, Defendant does not contest the

Court's subject matter jurisdiction over this matter.

3. The allegations in Paragraph 3 state conclusions of law to which no response is required. To the extent that a further response is required, Defendant does not contest that venue is proper in this district.

**PARTIES**

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis, denies them.

5. Defendant admits that on or about May 10, 2005 Plaintiff became the obligor and mortgagor under a certain note and mortgage on property located at 22 Lark Avenue, Cranston, Rhode Island 02920. Defendant is without sufficient information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5, and on that basis, denies them.

6. Defendant admits that Plaintiff received and executed a promissory note, a mortgage, a Truth In Lending Statement, notices of right to cancel and a HUD-1 Settlement Statement. Further answering, Defendant states that there is a document attached to the Complaint entitled "Notice of Right to Cancel" as Exhibit 1. Defendant is without sufficient information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6, and on that basis, denies them.

7. Defendant admits that it received the document, a copy of which is attached to the Complaint as Exhibit 3, and that the document speaks for itself as to its contents. Defendant denies that Plaintiff has an extended right to rescission and denies that his purported exercise of any such right is valid. Defendant is without sufficient information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7, and on that basis, denies them.

**DEFENDANTS**

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis, denies them.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis, denies them.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis, denies them.

11. The allegations of Paragraph 11 are vague, ambiguous and imprecise. Defendant cannot therefore admit or deny them, and on that basis, denies them.

12. In response to Paragraph 12, Defendant admits that E*TRADE is the assignee of the note and mortgage on property located at 22 Lark Avenue, Cranston, Rhode Island 02920. The remainder of Paragraph 12 consists of legal conclusions to which no responsive pleading is

required.

**COUNT 1 – TRUTH IN LENDING ACT**

13. Defendant repeats and incorporates by reference as if fully set forth herein its responses to Paragraphs 1 through 12 above.

14. Paragraph 14 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Defendant states that the statutes referenced in Paragraph 14 speak for themselves and Defendant denies that it has violated the statutes referenced in Paragraph 14.

15. Paragraph 15 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Defendant states that the statutes and regulations referenced in Paragraph 15 speak for themselves and Defendant denies that it has violated the statutes and regulations referenced in Paragraph 15, including subparts.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18 and denies that Plaintiff is entitled to the damages referenced in Paragraph 18.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. If Plaintiff suffered any damages, which Defendant denies that he did, said damages were caused by the act or omission of some third party over whom Defendant has no control.

3. If Plaintiff suffered any damages, which Defendant denies that he did, said damages were caused by the act or omission of Plaintiff.

4. Defendant acted at all times in good faith and as such, the claims of Plaintiff are barred.

5. Plaintiff's claims are barred under the equitable doctrines of estoppel, laches, waiver and ratification.

6. Plaintiff is not entitled to the rescission he demands because the three day right to cancel period has expired and Plaintiff is not entitled to an extension of that rescission period.

7. Any alleged violations of the TILA were not intentional and resulted from bona fide error not withstanding the maintenance of procedures to avoid such error, and as such Plaintiff's claims are barred.

8. Defendant's conduct and disclosures at all times complied and were in good faith conformity with all applicable contracts, laws and regulations.

9. Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and it

hereby reserves the right to assert such defenses.

WHEREFORE, Defendant respectfully requests that this Court enter judgment:

1. Dismissing the Complaint with prejudice,

2. Denying Plaintiff's request for relief,

3. Awarding Defendant reasonable costs and attorneys fees incurred in the defense of this action, and

4. Granting Defendant other and further relief as the Court deems just and appropriate to do equity and justice under the circumstances.

E*TRADE BANK

By its attorneys,

/s/ Douglass C. Lawrence
Douglass C. Lawrence, Esq. (#6893)
Day Pitney LLP
One International Place
Boston, MA 02110
Tel: (617) 345-4600
Fax: (617) 345-4745
dclawrence@daypitney.com

OF COUNSEL:

John B. Sullivan, Esq.
Mary Kate Sullivan, Esq.
Severson & Werson,
A Professional Corporation
One Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 398-3344
Fax: (415) 956-0439
jbs@severson.com

Dated: June 6, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2008, I electronically filed the foregoing **Answer to Complaint and Affirmative Defenses** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following counsel of record:

Christopher M. Lefebvre, Esq.
Law Offices of Clause Lefebvre & Sons
PO Box 479
Pawtucket, RI 02862

/s/ Douglass C. Lawrence
Douglass C. Lawrence