# EXHIBIT A

Analysis
As of: Jul 14, 2008

**KRISTI L. MEGITT and TODD PELLETIER, Plaintiffs v. INDYMAC BANK, F.S.B., Defendant**

**C.A. NO. 07-30108-MAP**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

**547 F. Supp. 2d 56; 2008 U.S. Dist. LEXIS 30475**

**March 31, 2008, Decided**

**PRIOR HISTORY:** Megitt v. Indymac Bank, F.S.B., 2008 U.S. Dist. LEXIS 30457 (D. Mass., Mar. 28, 2008)

**COUNSEL:** [**1] For Indymac Bank, F.S.B., (Defendant): Jennifer K. Cannon, LEAD ATTORNEY, Bulkley, Richardson & Gelinas, LLP, Springfield, MA; Naomi A. Carry, LEAD ATTORNEY, J. Kevin Snyder, LEAD ATTORNEY, Dykema Gossett, LLP, Los Angeles, CA; Donn A. Randall, LEAD ATTORNEY, Bulkley Richardson & Gelinas LLP, Boston, MA; Renee Zipprich, LEAD ATTORNEY, Dykema Gossett PLLC, Chicago, IL.

For Kristi L. Megitt, (Plaintiff): Daniel A. Edelman, LEAD ATTORNEY, Edelman, Combs & Latturner, Chicago, IL; Christopher M. Lefebvre, LEAD ATTORNEY, Pawtucket, RI.

**JUDGES:** MICHAEL A. PONSOR, U. S. District Judge.

**OPINION BY:** MICHAEL A. PONSOR

**OPINION**

**[*56]** *MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANT'S MOTION TO DISMISS*

(Dkt. Nos. 8 & 19)

PONSOR, D.J.

This action challenges the legal sufficiency of the Notice of Right to Cancel that Defendant provided to Plaintiffs in connection with their home loan transactions. The basis of Plaintiffs' claims is that Defendant failed to properly notify them when their three-day cancellation period expired, by leaving blank the specific date by which the notice of cancellation had to be sent, in violation of the Truth in Lending Act, 15 U.S.C. § 1601(a).

**[*57]** Defendant filed a Motion to Dismiss, which **[**2]** was referred to Chief Magistrate Judge Kenneth P. Neiman for report and recommendation.

On March 28, 2008, Judge Neiman issued his Report and Recommendation, to the effect that Defendant's motion should be allowed, citing as authority the First Circuit's decision in *Palmer v. Champion Mortg.*, 465 F.3d. 24 (1st Cir. 2006), and *Carye v. Long Beach Mortg. Co.*, 470 F. Supp. 2d 3 (D. Mass. 2007). The conclusion of the Report and Recommendation admonished the parties at n.4 that objections to the Report and Recommendation had to be filed within ten days.

Because the court has had an opportunity to review the papers in this case as well as Judge Neiman's Report and Recommendation and sees no reason for delay, the court, upon *de novo* review, will adopt the Report and Recommendation and will allow Defendant's Motion to Dismiss without waiting for the ten-day objection period to expire Plaintiffs' rights are saved fully as if objections had been filed, and Plaintiffs may move for reconsideration and to vacate the judgment, if they desire.

The import of the First Circuit's *Palmer* decision with regard to the purely technical omission in the document embodying the notice makes the ruling here compelling **[**3]** and inevitable. Judge Young's *Carye* decision sensibly applies *Palmer* to precisely the facts underlying this case. There being no just reason for delay, the court has proceeded to rule.

For the foregoing reasons, Judge Neiman's Report and Recommendation dated March 28, 2008 (Dkt. No. 19) is hereby ADOPTED and Defendant's Motion to Dismiss (Dkt. No. 8) is ALLOWED. The clerk is ordered to enter a judgment of dismissal. This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor

MICHAEL A. PONSOR

U. S. District Judge

2 of 2 DOCUMENTS

**KRISTI L. MEGITT and TODD PELLETIER, Plaintiffs v. INDYMAC BANK, F.S.B., Defendant**

**Civil Action No. 07-30108-MAP**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

**2008 U.S. Dist. LEXIS 30457**

**March 28, 2008, Decided**

**SUBSEQUENT HISTORY:** Adopted by, Motion granted by, Dismissed by Megitt v. Indymac Bank, F.S.B., 2008 U.S. Dist. LEXIS 30475 (D. Mass., Mar. 31, 2008)

**COUNSEL:** [*1] For Indymac Bank, F.S.B., (Defendant): Jennifer K. Cannon, LEAD ATTORNEY, Bulkley, Richardson & Gelinas, LLP, Springfield, MA; Naomi A. Carry, LEAD ATTORNEY, J. Kevin Snyder, LEAD ATTORNEY, Dykema Gossett, LLP, Los Angeles, CA; Donn A. Randall, LEAD ATTORNEY, Bulkley Richardson & Gelinas LLP, Boston, MA; Renee Ziprich, LEAD ATTORNEY, Dykema Gossett PLLC, Chicago, IL.

For Kristi L. Megitt, (Plaintiff): Daniel A. Edelman, LEAD ATTORNEY, Edelman, Combs & Latturner, Chicago, IL; Christopher M. Lefebvre, LEAD ATTORNEY, Pawtucket, RI.

**JUDGES:** KENNETH P. NEIMAN, Chief Magistrate Judge.

**OPINION BY:** KENNETH P. NEIMAN

**OPINION**

REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANT'S MOTION TO DISMISS (Document No. 8)

NEIMAN, C.M.J.

This putative class action involves the legal sufficiency of the Notice of Right to Cancel ("Notice") that IndyMac Bank, F.S.B. ("Defendant") provided individually to Kristi Megitt ("Megitt") and Todd Pelletier ("Pelletier") (together "Plaintiffs") in connection with their respective home loan transactions. The basis of Plaintiffs' claims is that Defendant failed to properly notify them when their respective three-day cancellation periods expired. Defendant has moved to dismiss Plaintiffs' claims pursuant [*2] to Fed. R. Civ. P. 12(b)(6) and the motion has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the court will recommend that Defendant's motion to dismiss be allowed.

I. BACKGROUND

The following allegations come from Plaintiffs' amended complaint and the documents annexed thereto. *See Palmer v. Champion Mortg.,* 465 F.3d 24, 28 (1st Cir. 2006) (citing cases). The court has accepted all well-pleaded facts as true and has given Plaintiffs, the parties who pursue the contested claims, the benefit of all reasonable inferences. *See id.* (citations omitted).

On January 26, 2006, Pelletier obtained a loan from Defendant, secured by his residence, for debt consolidation purposes. (*Id.* P 7.) Megitt and her husband secured a similar loan on June 16, 2006. (*Id.* P 5.) At their respective closings, Plaintiffs each received three copies of the Notice which disclosed the manner and method by which they were entitled to cancel their mortgage loan transactions. (*Id.* P 12, Exs. 1, 2.)

Each Notice tracked the model form for such disclosures. In relevant part, Megitt's Notice, like the model form, informed her as follows:

> You have a legal [*3] right under federal law to cancel this transaction, without cost, within three (3) business days from whichever of the following events occurs last:

> (1) the date of the transaction, which is; June 16, 2006; or
>
> (2) the date you received your Truth in Lending disclosures; or
>
> (3) the date you received this notice of your right to cancel. [1]

Each Notice further provided: "If you cancel by mail or telegram, you must send notice no later than midnight of, , (or midnight of the third business day following the latest of the three events listed above)." No date was inserted in the blank space on either Notice.

> 1 Pelletier's Notice is identical, except that it includes his closing date of January 26, 2006.

Plaintiffs allege that, because Defendant failed to insert a specific date for cancellation, Defendant's Notices violated the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), the implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 226.1, *et seq.* ("Regulation Z"), and TILA's state counterpart, the Massachusetts Consumer Cost Disclosure Act ("MCCDA"), Mass. Gen. L. ch. 140D, §§ 1-34. (*Id.* PP 16, 20, 24.) The complaint contains three counts. Count I is Megitt's claim for **[*4]** rescission and attorney's fees. Count II is Pelletier's claim for rescission and attorney's fees. And Count III is a putative class action claim for statutory damages.

In due course, Defendant filed a motion to dismiss, Plaintiffs filed an opposition, and Defendant filed a reply brief. On December 13, 2007, the court heard oral argument and Defendant thereafter, with the court's permission, filed a supplemental memorandum of law responding to several rulings that Plaintiff addressed for the first time at oral argument. Having now reviewed the relevant pleadings, the court is poised to offer its recommendation.

II. DISCUSSION

Defendant makes two arguments. Relying primarily on the First Circuit's recent decision in *Palmer v. Champion Mortg.*, Defendant asserts first that the "technical" omissions of which Plaintiffs complain -- the blank rescission deadlines -- do not, in fact, constitute actionable claims under TILA, Regulation Z or MCCDA. Second, Defendant argues that Plaintiffs' MCCDA claims are preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461, *et seq.*

For the following reasons, the court agrees with Defendant's first argument, namely, that, given *Palmer,* the Notices did not violate **[*5]** TILA, Regulation Z or MCCDA as a matter of law. Accordingly, the court will recommend that Defendant's motion to dismiss be allowed, making it unnecessary to reach Defendant's second argument.

In *Palmer,* the First Circuit -- viewing the federal and Massachusetts requirements as coextensive, *id.*, 465 F.3d at 27 n.4 -- described the landscape for rescission cases in some detail. Accordingly, this court quotes broadly from that decision:

> Congress enacted the TILA in 1968 "to assure a meaningful disclosure of credit terms" and "to protect the consumer against inaccurate and unfair credit . . . practices." 15 U.S.C. § 1601(a). To this end, the TILA requires creditors to disclose clearly and accurately all the material terms of a credit transaction. *See Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412, 118 S. Ct. 1408, 140 L. Ed. 2d 566 (1998).
>
> With respect to non-purchase-money mortgages on residential dwellings-the type of credit transaction at issue here-the TILA confers upon the debtor a right to rescind within three days of the transaction's consummation or three days from delivery of the material disclosures, whichever occurs later. *See* 15 U.S.C. § 1635(a). The creditor also must clearly disclose this rescission right to the **[*6]** debtor. *See* 12 C.F.R. § 226.23(b)(1). Should a creditor fail to deliver any of the required material disclosures (including notice of the right to rescind), the debtor may rescind at any time up to three years following the consummation of the transaction. *See id.* § 226.23(a)(3). If a creditor does not respond to a rescission request within twenty days, the debtor may file suit in federal court to enforce the rescission right. *See Belini v. Wash. Mut. Bank,* 412 F.3d 17, 20 (1st Cir. 2005); *see also* 15 U.S.C. § 1635(b).

*Id.*, 465 F.3d at 27 (footnote omitted).

Here, as in *Palmer,* the question is whether Defendant clearly disclosed Plaintiffs' rescission rights. *See id.* If so, Plaintiffs may well be entitled to an extended, three-year rescission period and, in turn, the right to pursue this lawsuit for additional relief. *See id.; see also* 15 U.S.C. § 1635(g). If not, Plaintiffs' action must be dismissed, as occurred in *Palmer. See id.* at 27-29.

Defendant concedes that *Palmer* is not entirely on all-fours with the instant case. There, a specific deadline for rescission (April 1, 2003) had been provided in the blank space. *Id.* at 26. Moreover, the plaintiff there did not receive the closing **[*7]** documents until later that April. *Id.* Still, as is true here, the plaintiff argued that the Notice, which also tracked the model form, was "defective" and "confusing." *Id.* at 27. "Relying on [the First Circuit's] admonition that 'a misleading disclosure is as much a violation of TILA as a failure to disclose at all,' [the plaintiff] asseverate[d] that the confusing nature of the Notice triggered the extended three-year rescission period." *Id.* (quoting *Barnes v. Fleet Nat'l Bank,* 370 F.3d 164, 174 (1st Cir. 2004) (further citation omitted)).

The *Palmer* plaintiff's arguments to the contrary, the First Circuit upheld District Judge Reginald C. Lindsay's dismissal of the case. In doing so, the court made three points which have particular relevance here. First, the court noted that, in the TILA context, reviewing courts should "focus[] the lens of [their] inquiry on the text of the disclosures themselves rather than on plaintiffs' descriptions of their subjective understandings." *Id.* at 28 (citations omitted). Second, the court explained that "[t]his emphasis on objective reasonableness, rather than subjective understanding, is also appropriate in light of the sound tenet that courts must **[*8]** evaluate the adequacy of TILA disclosures from the vantage point of a hypothetical average consumer--a consumer who is neither particularly sophisticated nor particularly dense." *Id.* (citing cases). Third, the court directed that "the fact that the language of the Notice closely tracks the language of the model form," was, "at the very least, prima facie evidence of the adequacy of the disclosure." *Id.* at 29 (citing 12 C.F.R. § 226 Supp. I, Intro. P 1). [2]

2 The court went so far as to recognize that there was both statutory and case law support for the proposition that adherence to a model form bars a TILA non-disclosure claim entirely. *Id.* at 29 n.5 (citing 15 U.S.C. § 1604(b), 1635(h), 1640(f); *Gibson v. Bob Watson Chevrolet-Geo, Inc.,* 112 F.3d 283, 286 (7th Cir. 1997); *Murphy v. Empire of Am.,* 583 F. Supp. 1563, 1566 (W.D.N.Y. 1984)). Since the case before the First Circuit did not require the court to address the argument, it left "for another day the question of whether such adherence invariably brings a creditor within a safe harbor." *Id.*

Here, as in *Palmer,* this court concludes that the Notices provided Plaintiffs were objectively reasonable as a matter of law. First and foremost, **[*9]** each Notice "clearly and conspicuously indicate[d] that the debtor can rescind 'within three (3) business days from whichever of [three enumerated] events occurs last.'" *Id.* at 28. True, each Notice had left blank the date by which rescission could occur, *i.e.,* "no later than midnight of ." But, as in *Palmer,* Plaintiffs attempt to "wrest[] this statement from its contextual moorings," that is, they overlook the fact that "[t]he statement is followed immediately by a parenthetical reading '(or midnight of the third business day following the latest of the three . . . events listed above)." *Id.* at 28-29. These three alternative events, quoted above, included (1) the date of the transaction, which was specifically stated in each Notice, (2) the date Plaintiffs received the TILA disclosures, or (3) the date each Plaintiff received the Notice. Like the First Circuit, this court "fail[s] to see how any reasonably alert person--that is, the average consumer--reading the Notice would be drawn to the [blank] deadline without also grasping the twice-repeated alternative deadlines." *Id.* at 29. Accordingly, this court agrees with Defendant that, as in *Palmer,* the Notices here were "crystal **[*10]** clear and, thus, did not trigger an extended rescission right under the TILA." *Id.*

Before concluding, the court adds three points. First, as Defendant observes, District Judge William G. Young recently applied *Palmer* to a situation quite similar to the case at bar. *See Carye v. Long Beach Mortg. Co.,* 470 F. Supp. 2d 3 (D. Mass. 2007). As is true here, the Notice of Right to Cancel in *Carye* omitted the rescission deadline, although it also omitted the date of the transaction. *See id.* at 9. The Notice, however, nonetheless stated, as is true here as well, that the plaintiff had the right to cancel the transaction within three days from: (1) the date of the transaction; (2) the date of the TILA disclosures; or (3) the date of receipt of the Notice. *See id.* On that basis and relying on *Palmer,* Judge Young was "persuaded as a matter of law that the average person would be aware that the rescission period expired three days after receiving the Notices" and, hence, granted the defendant's motion to dismiss. *Id.* at 9-10.

To be sure, Judge Young described *Palmer* as having "*held* that a notice which failed to include a date certain for rescission was nevertheless clear and conspicuous because **[*11]** it contained an alternative provision providing for a three-day rescission period from the date of the receipt of the notice." *Id.* at 9 (emphasis added). As Plaintiffs note, *Palmer* did not include such a *holding* since the First Circuit was not confronted with a blank rescission deadline, but, rather, a deadline that had already passed. Plaintiffs' point, however, is of little consequence. Like Judge Young, this court believes that the First Circuit's focus on the objective reasonableness of the transaction clearly applies to the instant situation. In other words, this court is content to rely on *Carye* as further support for its conclusion that, under any objectively reasonable analysis, the Notices more than adequately conveyed to Plaintiffs their rescission rights. If anything,

the Notices which Plaintiffs received in the case at bar were arguably less confusing than the Notice in *Carye* because they included the transaction dates.

Second, the court wishes to distinguish three rulings from other jurisdictions upon which Plaintiffs rely, *Semar v. Platte Valley Fed. Sav. & Loan Ass'n,* 791 F.2d 699 (9th Cir. 1986), *Reynolds v. D & N Bank,* 792 F. Supp. 1035 (E.D. Mich. 1992), and *Johnson v. Thomas,* 342 Ill. App. 3d 382, 794 N.E.2d 919, 276 Ill. Dec. 669 (Ill. App. Ct. 1st Dist. 2003). **[*12]** Each of the three court -- as well as a fourth in an unreported decision Plaintiffs cited for the first time at oral argument, *Johnson v. Chase Manhattan Bank,* 2007 U.S. Dist. LEXIS 50569, at *1 (E.D. Pa. July 11, 2007) -- essentially held that the omission of rescission deadlines were technical violations of TILA which entitled the borrowers to rescind. As Defendant points out, however, the First Circuit has expressly diverged with courts that allow recovery for such "technical" violations. Indeed, the First Circuit recently reiterated its long-held belief that TILA was "intended by Congress to provide higher tolerance levels for what it viewed as honest mistakes in carrying out disclosure obligations." *Santos-Rodriguez v. Doral Mortg. Corp.,* 485 F.3d 12, 17 (1st Cir. 2007) (citation and internal quotation marks omitted). Like "most courts," the First Circuit stated, it has eschewed a rule of "hyper-technicality" which appears to have guided the courts in the jurisdictions Plaintiffs cite. *Id.* (specifically rejecting Seventh Circuit's "technical" violation approach). *See also McKenna v. First Horizon Home Loan Corp.,* 475 F.3d 418, 424 (1st Cir. 2007) (noting that Congress has made **[*13]** it "manifest that . . . it had not intended that lenders would be made to face overwhelming liability for relatively minor violations"); *McKenna v. First Horizon Home Loan Corp.,* -- F. Supp. 2d --, 2008 U.S. Dist. LEXIS 16432, 2008 WL 582194, at **5-6 (D. Mass. Mar. 3, 2008) (concluding on remand that reliance on rescission case law from other jurisdictions which follow a "stricter, zero-tolerance approach . . . is misplaced because the First Circuit [has] declined to follow the hyper-technical approach of these circuits").

The fact that the First Circuit also reiterated in *Santos-Rodriguez* the myriad requirements of Regulation Z -- including the requirement that "[t]he notice . . . clearly and conspicuously disclose . . . the date the rescission period expires," *id.,* 485 F.3d at 16 (quoting 12 C.F.R. § 226.23(b)(1)) -- is of little moment, Plaintiffs' arguments to the contrary. As in *Palmer,* Defendant's omission of the rescission deadlines from Plaintiffs' loan transactions (indeed the only flaw Plaintiffs cite) were, at most, unactionable technical violations.

The decisions in both *Reynolds* and *Johnson v. Thomas* are also *factually* distinguishable from the case at bar. In *Reynolds,* the notice was deficient in many **[*14]** ways additional to the mere omission of the rescission deadline, *e.g.,* the notice was not provided, on a separate document, it failed to inform the borrowers of the security interest taken in their home, and it did not describe the effects or mechanics of rescission. *Id.,* 792 F. Supp. at 1038. These inadequacies are more than mere technicalities. In *Johnson v. Thomas,* too, there were other serious violations as well, *i.e.,* the lender's failure to disclose credit terms and the lender's alteration of loan documents. *Id.,* 794 N.E.2d at 930.

Third and finally, Plaintiffs, coming full circle, make much of the fact that, in *Palmer,* the First Circuit, after holding that the notice there at issue "was crystal clear and, thus, did not trigger an extended rescission right under the TILA," mentioned *Semar, Reynolds, and Johnson v. Thomas.* [3] This fact, however, does not change this court's analysis. True, the First Circuit may have implied that the omission of a rescission deadline is an "infirmit[y]," but it has never held, let alone implied, that such an infirmity without more, would be considered anything other than a "technical" glitch unactionable as a matter of law. In sum, the court does **[*15]** not believe that, given the undisputed facts, the omissions upon which Plaintiffs pursue their cases rise to actionable claims.

3 More specifically, the First Circuit stated the following:

> The plaintiff attempts to circumvent this relatively straightforward analysis by citing a raft of cases in which notices of rescission rights were found wanting. *In each of those cases, however, the notice* was either given prior to the closing and phrased so that the rescission deadline expired before the loan closed, *see, e.g., Jackson v. Grant,* 890 F.2d 118, 122 (9th Cir. 1989); *Basnight v. Diamond Developers, Inc.,* 146 F. Supp. 2d 754, 758 (M.D.N.C. 2001); *In re Vickers,* 275 B.R. 401, 404-05 (Bankr. M.D. Fla. 2001), or stated only a single fixed rescission deadline that had elapsed prior to delivery of the notice, *see, e.g., In re Bell,* 309 B.R. 139, 157 (Bankr. E.D. Pa. 2004), or *stated no rescission deadline whatsoever, see, e.g., Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 702 (9th Cir. 1986); Reynolds v. D & N Bank, 792 F. Supp. 1035, 1038 (E.D. Mich. 1992); Johnson*

> *v. Thomas, 342 Ill. App. 3d 382, 794 N.E.2d 919, 931, 276 Ill. Dec. 669 (2003). The Notice here does not suffer from* **[*16]** *any of these infirmities.*

*Id.*, 465 F.3d at 29 (emphasis added).

III. CONCLUSION

For the reasons stated, the court recommends that Defendant's motion to dismiss be ALLOWED. [4]

4 The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services,* 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete,* 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega,* 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir. 1980). **[*17]** *See also Thomas v. Arn,* 474 U.S. 140, 154-55, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

DATED: March 28, 2008

/s/ Kenneth P. Neiman

KENNETH P. NEIMAN

Chief Magistrate Judge